

Littler Learning Group
Compliance Training Solutions Worldwide

# Conducting Internal Investigations

## *Reference Materials*

Exhibit L-1

# THE IMPORTANCE OF EMPLOYMENT INVESTIGATIONS

Proper investigations help ensure that our employees are treated fairly. Properly investigating claims of harassment or other employee misconduct is one of the most important ways that you can help protect the company, and failure to do so can lead to significant liability for the Company. You are entrusted with an important responsibility.

In any event, in today's litigious environment, the opportunity to keep a bad situation from becoming a lawsuit is golden. A good investigation of employee claims is a powerful tool that can help the company defend itself when allegations of employee misconduct end up in litigation, and can even prevent such issues from resulting in litigation altogether.

## UNDERSTANDING YOUR ROLE AS AN INVESTIGATOR

An employment investigation is the gathering, determination and documentation of facts concerning allegations of a violation of the law or company policy in the workplace. Your role is to determine whether the conduct occurred.

The proper role for the workplace investigator is (1) to gather and document facts about alleged workplace misconduct by interviews or other means; (2) to evaluate and reach conclusions about any competing versions of the facts; and (3) to document the investigation and management's response. If a conclusion cannot be reached, the investigator's job is to assure management that all reasonable steps have been taken to ascertain the truth, and to present the conflicting versions comprehensibly. The investigator must at all times ensure that his or her investigation was fair, unbiased, and in good faith. Investigators are not acting as lawyers. They should rarely, if ever, make conclusions concerning whether the law has been violated.

## WHEN WILL YOU CONDUCT AN INVESTIGATION?

An internal investigation should be conducted whenever there is a credible allegation of a violation of the law, an employment-related policy (e.g., EEO, Harassment) or a significant provision of an organization's Code of Conduct.

## WHAT ARE THE BEST PRACTICES IN AN EMPLOYMENT INVESTIGATION?

There is no perfect recipe for performing an employment investigation; the investigator's actions will depend largely on the facts and circumstances of each case. Some investigations are simple and others are very complex. However, please keep a few basic principles in mind when conducting investigations:

- *You must be unbiased.* Ideally, investigators should have nothing at stake in the result of the investigation. Investigators must be free to reach conclusions appropriate to the facts.

- *The investigation must be thorough and appropriate under the circumstances.* Few investigations can uncover every conceivable fact that might pertain to an allegation of misconduct. Few even can employ the resources available in the average civil lawsuit. Nevertheless, an investigator who fails to uncover a fact that might have been discovered before litigation was commenced may be called upon to explain why this fact was not considered earlier. For this reason, it is

critical for the investigator to plan at the outset the resources to be employed. Who will be interviewed? What records should be obtained and reviewed? What other steps should be considered? These decisions should be reviewed continuously until the final conclusions are recorded.

- *Give the employee under investigation given all reasonable opportunities to be heard.* This factor is critical in litigation. You must give the accused a full chance to tell his or her side of the story. This may include an opportunity to identify witnesses on his or her behalf, to present documents, to offer a written statement, and to suggest reasonable follow-up actions by the investigator.

- *You must reach reasonable conclusions concerning the facts.* The investigator must do more than simply collect the facts. There is an obligation to evaluate them and come to a reasonable factual conclusion. This means you must at times evaluate the credibility of the people interviewed; just because two people disagree does not mean that the investigation is inconclusive. *You must properly document the investigation.* One of the central goals of an employment investigation is to develop a clear and complete documentary record. It must show that: (1) the investigation was properly performed; (2) its conclusions are fair, reasonable, and supported; and (3) prompt, adequate remedial action was taken. Documentation must include records of all interviews, review of other evidence, and a report that supports the conclusions reached. Failure to present management with a reasonable record of these facts leaves the investigator exposed and subjects management to charges of inadequate attention to the problem. All documents in an investigation should be prepared with the expectation that the document will be at issue in subsequent litigation. Every effort must be made to avoid inflammatory, incorrect, or other inappropriate comments that may detract from the serious professional purpose of the investigation.

- *Be prepared to recommend prompt, effective action to remedy misconduct.* Although it may not be possible to determine in every detail what occurred, the investigator must evaluate the evidence, and, if appropriate, recommend "prompt remedial action" for past misconduct and ensure that no misconduct or retaliation occurs in the future. It is the employer's duty to take such action.

**UNDERSTANDING INTERNATIONAL CONSIDERATIONS**

With increasing globalization, multinational companies need to consider an array of international legal requirements and cultural expectations to ensure compliance with appropriate employment obligations during an investigation. Key decisions need to be made as to whether the investigation is covered by legal privilege, the extent to which personal data might be involved in jurisdictions outside the U.S., differences in whistleblower protections, disciplinary constraints and disclosure concerns. Jurisdictions vary greatly in whether a privilege is available, how whistleblowers get protected, how data and privacy interests get protected, and what if any restrictions are placed on disciplinary options. Minimizing risk during an investigation depends as much on jurisdictional considerations as it does on careful planning and implementation of best practices.

# CONDUCTING AN EFFECTIVE INVESTIGATION

## HANDLING EMPLOYEES DURING THE INVESTIGATION

### Removing the Accused from the Workplace

If the alleged misconduct is serious enough to potentially warrant termination, it is often necessary to take the accused person out of the workplace pending completion of the investigation. This should be considered in situations where you want to: prevent general disruption, limit possible retaliation, minimize contact between the accused and the victim, prevent further loss of property, provide investigators greater flexibility in locating and meeting with witnesses, eliminate the opportunity for the accused to tamper with evidence, prevent intimidation of witnesses, or lessen the stress on the victim and/or accused as well as other employees involved.

To remove an accused employee from the workplace will require you to place the employee on administrative leave or suspension for a day or more. Follow the company's administrate leave policy or guidelines when doing this.

As you would with any employee, treat employees subjected to suspension with professional courtesy and respect. Tell the employee that the purpose of the investigation is (at this time) not disciplinary but rather designed to protect the interests of the company and all of the employees while the investigation is completed. Placing the employee on suspension also heightens the need to complete the investigation quickly.

### Temporary Measures with Respect to the Claimant/Victim

The law requires that employers take *immediate* action to stop any harassment or risk of workplace injury or illness. In addition, almost all employment laws provide specific guarantees against retaliation. Immediate and vigorous actions to ensure the welfare of all involved employees should be the investigator's and employer's first concern. Some examples are:

- Removing of the accused from the workplace with pay

- Removing of the complainant with pay

- Instructing the people involved not to communicate and to avoid any harassment or retaliation

- Referring employees to the Employee Assistance Program (EAP) or other counseling resources (take care to consider possible privacy and disability law concerns)

- Reimbursing employees for losses caused where grounds for such reimbursement are reasonably clear

- Monitoring of the workplace by human resources or operational management

- Providing employees with a clear and confidential means of communications for further complaints or concerns

- Communicating company policies (including any rights under applicable laws) clearly and promptly to employees

- Keeping key management personnel apprised of the status of the investigation

## PLANNING

### Outline an Investigation Plan

An investigation plan must be tailored to the events you are investigating. You should consider the following activities and determine whether they should be included in your investigation:

- Interview of the complaining party

- Interview of the accused

- Interviews of supervisors and managers

- Interviews of third party, or "collateral," witnesses

- Review of documents, including company reports, videotape, phone records, photographs, computer files, etc.

- Follow-up interviews with the alleged victim, the accused and other witnesses

- Review of personnel files and/or records of past incidents, if any

- Review of company policies and practices

### Prepare for Witness Interviews

Almost all investigations require interviews. Consider the following when outlining your interview plan:

- List the individuals you want to interview.

  a. *The Complaining Employee.* Typically you will interview this person first. You will want to get complete details from the employee, along with names of witnesses or others who may have information.

  b. *The Potential Victim.* If the potential victim is not also the complaining employee, interview him/her next. Discuss the information you received in the complaint and seek verification of the facts and additional details.

  c. *The Accused/Wrongdoer.* The investigator must in almost every instance interview the accused/wrongdoer as part of the investigation to get his/her side of the story. Courts require that the "accused" be given a "reasonable opportunity to respond" to the charges against him/her. The timing of the interview will depend upon the nature of the particular

investigation. When you interview the accused, get complete details from him/her as well as the names of others who may have information about the charges.

d.     *Collateral Witnesses.* Interview all individuals whom you suspect have knowledge or information about the subject incident(s). Do not limit your investigation to interviewing only those whom the complainant or accused have identified. Also, think about the order in which these interviews should be conducted. Do not rush ahead when it is necessary to wait to talk to an important witness.

- Prepare your interview questions.

Before you meet with witnesses, think about the questions you must ask. One way to come up with questions is to consider what information each witness might have. Also, think about questions that will make the person comfortable about being straightforward with you. Keep your questions factual and neutral, e.g., ask if the witness "heard any statements," not whether the witness "heard any threats." Review the sample interview forms at the end of this document for a review of questions that may be appropriate when conducting witness interviews.

Review any documents that might relate to the matters you are investigating. Documents can be a source of questions. If you need to clarify the information on the document, prepare the questions you need to ask to get the clarification. Before the interviews, you should also review the personnel files of the employees involved.

Review any notes you have of prior interviews or information you have already received in the investigation. Review what others have said about the person you are preparing to talk to so that you can ask for a response, confirmation, or rebuttal.

**CAUTION: Be sure to listen carefully to the information you get in response to your prepared questions. You may need to probe for additional information based on what the witness tells you.**

## CONDUCTING THE INVESTIGATION

### Preserving Evidence

A critical part of an investigation is the maintenance of the evidence. An investigative file should be kept in a secure place to maintain confidentiality. Do not forget to consider nontraditional forms of documents such as computer files and e-mail.

Investigation files should be kept separate from general personnel files. The one exception to this is any disciplinary memo that is issued at the conclusion of the investigation. *Investigators must be keenly aware that the documentary evidence created and maintained in the investigation file will presumably be disclosed and analyzed in any litigation concerning the investigation. Accordingly, **every** comment or document in the file should be carefully considered.*

### Selecting Investigative Tools

Often, the primary investigative tool selected will be the interviewing of employee witnesses. Techniques and suggestions for conducting such interviews are outlined below.

### Interviewing Witnesses

An effective interview is the core activity of the investigation. Assure the witness that the company will not permit any retaliation. Stress that no conclusions have been reached but, rather, that you are merely investigating the allegations. The following are general pointers for effective witness interviews:

- Conduct interviews in private so no one can overhear.

- Begin with general, open-ended questions, such as "How long have you worked for the company?", How long have you known...?", "Who do you report to?", "Tell me a little about the general environment of your store."

- If possible, have another person present to be a witness and to take notes. You can explain the other investigator's presence is to assist you and to take notes so you can concentrate on the interview. However, normally only one investigator should conduct the actual interview. You do not want the witness to feel "ganged up on."

- Do not prevent the witness from leaving. Do not lock the door of the room where the interview is conducted or prevent the witness from leaving the room. If a witness wants to leave, explain that it is important for you to get all the facts so that you can make the best decision possible. However, if the witness still wants to leave, let him/her go immediately.

- If a witness is unwilling to talk to you, ask why.

A witness may be afraid that the accused or the company will retaliate. You must reassure such a witness that retaliation is not tolerated and encourage him/her to report any acts of retaliation.

A witness may not want to "rat" on a friend or be seen as an informant. Explain to the witness that you are simply trying to collect all relevant facts before a decision is made. You may remind the witness that, as an employee, he is obliged to answer your questions. If the witness claims not to know anything, and you suspect he is not being truthful, remind him that if you find out he has not been forthcoming, he may be subject to discipline. As a last resort, if the individual will not talk to you, tell him that he is being instructed to answer your questions and that failure to do so is insubordination. If the person still refuses to answer, terminate the interview and consult Human Resources.

Some additional tips:

- Never tape record an interview unless specifically instructed by Legal.

- Do not label the alleged misconduct for the witness, such as "sexual harassment" or "theft", as doing so may influence the witness's responses. Tell the witness that you are conducting an investigation into a situation that has come to your attention.

- Tell the witness that no decision has been made yet; you are just trying to get all of the facts and information.

- Ask open-ended questions. Narrow the questions if the witness is not giving you responsive answers.

- Ask for details. Find out where the witness got the information. Ask the same question more than once in different ways if you suspect the witness is not being straightforward.

- Do not tell the witness what other witnesses have said, unless you need to clarify a discrepancy or in some cases to refresh the memory of a witness.

- Find out who else may have information that could shed light on the investigation.

- Make detailed notes while the witness is present. Record every point the witness makes, even though you may not think it is important at the time.

- Listen objectively and do not pre-judge the witness's story.

- Ask each witness to keep the interview confidential. Tell the witness that you want to get each person's version from his own knowledge and not from what he heard others say. However, be cautious because a witness will frequently disregard instructions on confidentiality. Bear that in mind as you decide the order for your interviews.

- Assure each witness that you will maintain confidentiality to the extent possible. However, you cannot and should not guarantee any witness that what he or she tells you will not be told to anyone else. You can tell witnesses that the information they give you will only be given to people with a need to know who will also be requested to keep information confidential.

- Assure each witness that the company prohibits retaliation against any employee for cooperating in an investigation. Tell the witness to report any instances of retaliation immediately.

- Let the witness know about relevant company policies such as the policy against harassment and discrimination, safety policies, open communication policy, and policy against retaliation.

- Give the witness the opportunity to contact you if he/she has further information. If you later determine that you need to ask a witness additional questions, do not hesitate to call him/her back for a second interview.

- Interview every person the suspected wrongdoer names. The wrongdoer must have the opportunity to exonerate him/herself.

Before concluding the interview, the investigator should review the information obtained with the witness to ensure that it is accurate and complete. Then the investigator should give the witness the opportunity to add anything else that he or she so chooses. If the investigator is interviewing the complainant, the investigator should tell the complainant that once the investigation is concluded, the complainant should be contacted. If the investigator is interviewing the employee who allegedly engaged in misconduct, the investigator should tell the employee that, at the conclusion of the investigation, he or she will be contacted and that, depending on the results of the investigation, possible disciplinary action may be taken. Lastly, the investigator should request that all witnesses keep the investigation in confidence.

### Reviewing Other Evidence

Collect and review all other information that may touch upon the matter that you are investigating. Consider reviewing correspondence and other documents, reports, videos, phone records, attendance and payroll records, handwritten notes, supervisor's notes and personnel files. Also, review all computer files, e-mails and other records that may be stored on the computer's hard drive, as well as the hard copy the files. You should be aware that computer records which employees may think they have deleted are often still retrievable.

### Confronting the Accused/Wrongdoer With the Evidence

If the information you obtain in an investigation indicates that misconduct occurred, confront the accused/wrongdoer. Tell the employee what you have discovered and ask if the employee has any information to add or explanation to give you. If you receive an explanation for any of the evidence, check it out. For example, investigate further if the accused/wrongdoer informs you that another employee has a bias or a document contains erroneous information.

## REACHING A CONCLUSION/ PRESENTING YOUR FINDINGS

Investigators ultimately reach findings regarding the allegations in question. Even in those instances when the investigator cannot choose between conflicting versions of the facts, he or she must carefully document the specifics and summarize why a clear determination could not be made. It is important for management to be aware of all of the factual evidence, as the company may need to take certain actions to ensure compliance with the law and company policy.

When you have completed the interviews and reviewed all relevant documents and information, you will need to conduct **a thorough evaluation** of everything you have gathered. As you evaluate the evidence, consider the following:

- Was the witness credible?

- What motivation might the witness have to be less than truthful?

- Did the accused demonstrate a pattern of misconduct? Does the alleged victim have a history of making complaints?

- Did the accused deny the charges or admit that he/she made a mistake?

- Was the complaint timely or untimely?  How does this relate to the event, if at all?

- Were there eyewitnesses with direct knowledge of the incident(s), or only circumstantial evidence?

Once you have evaluated the evidence, carefully prepare your findings.  ***Do not use terms that are legal conclusions; i.e., "Based on the evidence, the manager committed sexual harassment." Generally, the conclusion will either be that the complaint was unfounded and the misconduct did not occur, or the complaint was truthful and at least some misconduct occurred.***  Sometimes at the conclusion of an investigation, although the facts in the complaint may have been true, there may also be mitigating circumstances.  To help you reach the appropriate conclusion for a workplace investigation, consider factors such as the following:

- Does the company have a policy against the behavior?

- Did the accused/wrongdoer know about the policy?

- Does the accused/wrongdoer admit or deny the misconduct?

- Was any law violated?

- How strong is the evidence?  Is it more likely than not the misconduct occurred?

- Has the investigation been thorough?  Are there any gaps that need to be investigated before a decision is reached?  Have you made any assumptions that need to be verified?

- Has the accused/wrongdoer committed violations in the past?

- How long has the employee been employed?

## COMMUNICATING THE RESULTS

Once the investigation is complete and a conclusion has been reached, the company must communicate the results.

### To the Accused/Wrongdoer

You will always communicate the results to the accused employee.  Give the employee the specific factual basis for the determination and, where necessary, impose discipline.  In determining the appropriate discipline, consider:

- The seriousness of the misconduct

- The employee's position (supervisors and managers can be held to a higher standard of conduct)

- The employee's employment history and length of service

- Whether the employee has been disciplined for similar behavior before

- How the company has treated other employees who have committed similar offenses

**HINT #1:** Avoid using legal terms to describe the employee's misconduct. For example, be careful before you state that the employee committed "theft." The legal standard for finding someone guilty of theft is "beyond a reasonable doubt," which only a jury or court can do. Therefore, it is always better to describe the behavior as "a violation of company policy" and specify the policy.

**HINT #2:** Doing a good job of communicating to the employee why the decision to discipline or terminate him/her was made, including the evidence that was considered in doing so, might convince the employee not to bring a claim against the company. If he/she sees that the evidence you have is solid, he/she may feel it is better to just accept the decision.

### To the Complaining Employee

If an employee initially brought the suspected misconduct to the company's attention, it may be appropriate to let the complaining employee know the result. The nature of the complaint or misconduct will dictate what and how much you tell that person. At a minimum you should let the complaining employee know that his/her complaint was not ignored.

In the case of prohibited harassment (e.g., sex, race, age), the company is legally required to notify the alleged victim of the results of the investigation and what discipline, if any, was taken against the accused harasser. *You must be careful not to give too much information to the complaining employee.* The accused/wrongdoer, as well as the witnesses in the investigation, have certain privacy rights. It is sufficient that if you are required to or decide to report information to the complaining employee to let him/her know the ultimate result only. The complaining employee does not need the details.

### FOLLOW-UP

At the conclusion of the investigation, it is important to ensure the integrity of any documentation that has been collected, including notes and witness statements. Keep all the information in an investigation file separate from the personnel files, so that the company may rely on those records for later use. Remember that any document in a personnel file is discoverable in many states, as may be most of the witness interview documents created in the investigation.