FILED
IN THIS OFFICE
OCT 30 2026
Clerk U.S. District Court
Greensboro, NC
BY LKS

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

**Case No.: 1:26-cv-00591**

STEPHEN MOORE,

Plaintiff,

v.

DEERE & COMPANY; and JOHN DEERE KERNERSVILLE LLC,

Defendants.

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT PURSUANT TO FED. R. CIV. P. 15(d)**

# PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT PURSUANT TO FED. R. CIV. P. 15(d)

NOW COMES Plaintiff Stephen Moore, pro se, and respectfully submits this Reply Brief in Support of his Motion for Leave to File a Supplemental Complaint Pursuant to Federal Rule of Civil Procedure 15(d).

## PRELIMINARY STATEMENT

Defendants' Response (ECF No. 19) rests on a mischaracterization of the factual record. Defendants construct an artificial "five-month gap" by omitting the immediate, cascading chain of structural adverse employment actions executed by their managerial agents between October and November 2024. Far from being futile, Plaintiff's supplemental REDA claim is anchored to documented acts of retaliation that occurred within days of Plaintiff exercising his protected statutory rights.

Furthermore, Defendants' opposition creates a legal contradiction with their own pending Motion to Dismiss. (ECF No. 12.) While Defendants previously argued that Plaintiff's state common-law claims should be dismissed because federal statutory frameworks are completely adequate, they now argue that Plaintiff should be barred from bringing his exhausted state statutory remedies into the same forum. Because Plaintiff has alleged factual content demonstrating temporal proximity, structural adverse changes to his employment terms, and documented administrative bad faith, the proposed supplement states a claim under North Carolina law and should be freely permitted under Rule 15(d).

## ARGUMENT

**I. Temporal Proximity and an Unbroken Chain of Retaliation Exist Between Plaintiff's Protected Activity and Defendants' Adverse Actions.**

Defendants argue that Plaintiff's REDA claim is futile because a five-month temporal gap exists between his workers' compensation filing and his eventual April 2025 termination, thereby breaking any causal nexus under state precedent. This argument fails as a matter of law because it ignores the continuous, interim retaliatory actions executed by Defendants' agents in October and November 2024:

i. Immediate Temporal Proximity and Immediate Disparate Lockout: Defendants' certified administrative filings document a "first knew of injury" date of October 1, 2024. (ECF No. 6, ¶ 123.) Merely forty-eight (48) hours later, on October 3, 2024, immediately upon Plaintiff's attempted return from an approved medical leave, Defendants executed a complete facilities lockout and deactivated his electronic security credentials. (*Id.* ¶¶ 91–93, 125, 317).

ii. Misrepresentation of Corporate Identity in Regulatory Filings: On October 25, 2024, concurrent with the formal processing of the workers' compensation injury documentation, Defendants utilized an unauthorized corporate alias ("KOHN DEERE KERNERSVILLE") and an incorrect geographic marker ("1000 JOHN DEERE RS") within their official Industrial Commission filings. (*Id.* ¶ 122). This alteration obscured the statutory employment relationship and interfered with regulatory oversight surrounding Plaintiff's claims at a critical juncture in the protected activity timeline.

iii. Repetitive Use of Irregular Identifiers to Deny Liability: In November 2024—less than three weeks after the initial workers' compensation filings—Defendants utilized the same unauthorized corporate alias ("KOHN DEERE KERNERSVILLE") and incorrect geographic marker ("1000 JOHN DEERE RS") within their official Industrial Commission Form 61 filings to deny liability for Plaintiff's psychological injuries. (*Id.* ¶¶ 126–129).

iv. Modification of Employment Terms and Elimination of Benefits: Following these filings—which resulted in sanctions by the North Carolina Industrial Commission (*Id.* ¶ 130)—Defendants executed a

database modification that retroactively reset Plaintiff's corporate hire date to January 1, 2025. (*Id.* ¶¶ 141, 318, 342.) This adjustment eliminated his accrued service tenure, compromised his future FMLA eligibility metrics, and triggered an automated database action that terminated his family health insurance benefits. (*Id.* ¶¶ 141-143, 319, 343.)

Under controlling North Carolina law, a period of days or weeks between the exercise of a protected right and a series of continuous, targeted employment penalties satisfies the necessary temporal proximity threshold to infer a retaliatory motive (Wiley v. UPS, Inc., 164 N.C. App. 183, 186 (2004)).

## II. Defendants' Manual Alteration of Seniority Metrics and Purge of Elected Family Health Benefits Constitute Actionable Adverse Actions Under REDA.

Defendants assert that REDA provides no relief because Plaintiff failed to identify an actionable adverse employment action linked directly to his workers' compensation claim. This argument is contradicted by the plain

text of the statute. N.C. Gen. Stat. § 95-241(a) explicitly mandates that no employer may "discharge, or in any manner discriminate against" an employee regarding their "compensation, terms, conditions, or privileges of employment."

Altering an employee's accrued service history, manually resetting a corporate tenure profile within a unified software network, and executing a system-wide database exclusion to cancel family medical coverage constitute independent forms of discrimination under the statute. These system adjustments directly altered the baseline terms, conditions, and privileges of Plaintiff's employment, establishing an independent and actionable statutory violation separate from his subsequent April 2025 termination.

**III. The North Carolina Industrial Commission's Order Assessing Sanctions Provides Objective Factual Evidence of a Causal Nexus.**

Defendants contend that Plaintiff's references to the North Carolina Industrial Commission records are merely "passing references" lacking a causal nexus. To the contrary, the Industrial Commission's September 18,

2025, Order Assessing Sanctions against Defendant Deere & Company under I.C. File No. 24789611 provides objective administrative evidence of an adverse, irregular course of conduct occurring within the protected activity timeline (ECF No. 6, ¶¶ 123-130).

The state commission sanctioned Defendants for failing to timely process, evaluate, or answer Plaintiff's workplace injury proffer in violation of N.C. Gen. Stat. § 97-18(j) (*Id.* ¶¶ 128–130). Combined with the deployment of the "KOHN DEERE" organizational alias, these documented actions provide the plausible factual content required under the *Twombly* and *Iqbal* pleading standards to raise Plaintiff's allegations above a speculative level and demonstrate a causal connection targeting his statutory rights.

**IV. Supplementation Serves Judicial Economy, Prevents a Multiplicity of Actions, and Avoids Procedural Delay.**

Pursuant to Federal Rule of Civil Procedure 15(d) and controlling circuit standards, leave to supplement an active pleading should be freely given on just terms to prevent a multiplicity of separate, overlapping actions

and avoid fracturing a single dispute into separate trials. Franks v. Ross, 313 F.3d 184, 198 (4th Cir. 2002).

Defendants' opposition seeks the opposite result. Denying supplementation would require two separate, concurrent actions—one federal and one state—stemming from the same core group of employment actors and identical operational transactions. Litigating these related claims across two forums would duplicate discovery burdens, deplete judicial resources, and result in inefficient, parallel proceedings.

Furthermore, Defendants' futility argument is an attempt to delay entering the mandatory civil discovery phase. Defendants have already utilized Rule 12(b)(6) mechanics to contest the original claims in their pending partial Motion to Dismiss; their current attempt to block this supplement serves only to forestall the resolution of this single, integrated dispute.

Defendants seek to block the adjudication of Plaintiff's claims by shifting their positions on the legal sufficiency of the pleadings across their respective motions. In their Brief in Support of their Motion to Dismiss (ECF No. 13, p. 20), Defendants rely on *Efird v. Riley* to argue that Plaintiff's state

common-law claims are subsumed by federal statutory remedies. Yet, when Plaintiff seeks to bring an exhausted state statutory claim under REDA within this unified action, Defendants pivot in their opposition (ECF No. 19, p. 2) to argue that the underlying factual framework is insufficient to state a claim. Rather than demonstrating a lack of legal merit, Defendants' inconsistent procedural positions highlight the necessity of allowing these claims to proceed in a single, unified action so that the complete factual record can be evaluated by a finder of fact.

Because the North Carolina Department of Labor's Retaliatory Employment Discrimination Bureau (REDB) did not issue Plaintiff his 90-Day Right-to-Sue Notice under File No. 214742 until October 5, 2026, Plaintiff could not include this statutory count in his prior July 31, 2026, filing. Plaintiff acted diligently by moving for leave to supplement on October 8, 2026—three days after administrative exhaustion was completed. Because this federal action remains in its early pleading stages and formal discovery has not yet commenced, joining this claim causes no delay or legal prejudice to Defendants while actively promoting judicial economy.

## CONCLUSION

For the foregoing reasons, Plaintiff Stephen Moore respectfully requests that this Court overrule Defendants' objections, grant his Motion for Leave to File a Supplemental Complaint in its entirety, join the statutory REDA count to the active case record, and order Defendants to file an Answer to all active state and federal claims upon the Court's disposition of the pending motions. In the alternative, if this Court finds the proposed Supplemental Complaint lacks sufficient factual detail to survive a futility challenge, Plaintiff respectfully requests leave to file an Amended Supplemental Complaint to cure any identified pleading deficiencies (see attached Exhibit B-1: Proposed Amended Supplemental Complaint), rather than a denial on futility grounds.

Dated: October 30 2026

Respectfully submitted,

Stephen Moore, Plaintiff Pro Se
6136 Pepperidge Way
Climax, NC 27233
Phone: (336) 772-0044
Email: spmoore1@gtcc.edu

## CERTIFICATE OF COMPLIANCE WITH WORD COUNT

I hereby certify that pursuant to Local Rule 7.3(d), the word count for this Reply Brief does not exceed 3,125 words, excluding the caption, signature blocks, and certificate of service, as measured by the word count feature of Microsoft Word.

This the 30 day of October, 2026.

Stephen Moore, Plaintiff Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on this the 30 day of October, 2026, I filed the foregoing PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT PURSUANT TO FED. R. CIV. P. 15(d) and Exhibit B-1 in person with the Clerk of the United States District Court for the Middle District of North Carolina, and simultaneously caused a true and correct copy of the same to be served upon the attorneys of record for Defendants by depositing a copy in the United States Mail, first-class postage prepaid, addressed as follows:

W. Mark Peck & Jeremy R. Demmitt

ROBINSON & LAWING, L.L.P.

110 Oakwood Drive, Suite 200

Winston-Salem, NC 27103

Attorneys for Defendants

This the 30 day of October, 2026.

By: ______________________________

Stephen Moore, Plaintiff Pro Se