# Exhibit B-1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

**Case No.: 1:26-cv-00591**

| | |
|---|---|
| STEPHEN MOORE,<br>Plaintiff,<br>v.<br>DEERE & COMPANY; and JOHN DEERE KERNERSVILLE LLC,<br>Defendants. | **PLAINTIFF'S PROPOSED AMENDED SUPPLEMENTAL COMPLAINT** |

## PLAINTIFF'S PROPOSED AMENDED SUPPLEMENTAL COMPLAINT

NOW COMES Plaintiff Stephen Moore, pro se, pursuant to Federal Rule of Civil Procedure 15(d), and supplements his First Amended Complaint (ECF No. 6) by adding the following factual allegations and distinct statutory claim for relief regarding events and administrative milestones that have occurred since the filing of the operative complaint:

## PRELIMINARY STATEMENT

1. Pursuant to Fed. R. Civ. P. 15(d), this Supplemental Complaint is brought to introduce distinct transactions, occurrences, and administrative events that have transpired since July 31, 2026, the date Plaintiff filed his First Amended Complaint.

2. This pleading explicitly incorporates by reference all factual allegations contained in Paragraphs 1 through 419 of Plaintiff's First Amended Complaint (ECF No. 6) as if fully set forth herein.

## SUPPLEMENTAL FACTUAL ALLEGATIONS

3. On October 5, 2026, the North Carolina Department of Labor Retaliatory Employment Discrimination Bureau (REDB) officially issued Plaintiff a formal 90-Day Right-to-Sue Notice under File No. 214742, thereby completing all state administrative exhaustion prerequisites required under N.C. Gen. Stat. § 95-242(c).

## COUNT XI: ELEVENTH CLAIM FOR RELIEF

**(Violation of the North Carolina Retaliatory Employment Discrimination Act (REDA), N.C. Gen. Stat. § 95-241)**

*(Against Defendants, Jointly and Severally)*

4. Plaintiff realleges and incorporates by reference each and every factual allegation contained in Paragraphs 1 through 5 of this Supplemental Complaint, and Paragraphs 1 through 419 of the First Amended Complaint (ECF No. 6), as if fully set forth herein.

5. At all times relevant, Plaintiff was an "employee" and Defendants operated as covered "employers" subject to the mandates, prohibitions, and civil remedies of REDA pursuant to N.C. Gen. Stat. § 95-240 et seq.

6. Plaintiff engaged in multiple legally protected activities under N.C. Gen. Stat. § 95-241(a)(1), including filing a good-faith notice of accident and claim for workers' compensation benefits (Form 18) under Chapter 97, and exercising his statutory rights to protected medical leave under the Family and Medical Leave Act (FMLA).

7. Defendants violated N.C. Gen. Stat. § 95-241 by intentionally executing a continuous, coordinated sequence of adverse, discriminatory, and retaliatory actions against Plaintiff because of his protected activities.

8. These actionable statutory violations include, but are not limited to:

   a) intentionally suppressing and withholding Plaintiff's earned anniversary merit pay increase within internal payroll systems [ECF No. 6, ¶ 87];

   b) executing a complete operational lockout and deactivating Plaintiff's electronic facility access credentials [Id. ¶¶ 91-93];

   c) interfering with his Workers' Compensation filing metrics by manipulating state-certified Industrial Commission records (Forms 19 and 61) under variant entity entries [Id. ¶¶ 122-130];

   d) executing an unauthorized database modification to retroactively purge and terminate Plaintiff's active family health insurance benefits [Id. ¶¶ 140-146];

   e) subjecting Plaintiff to a pervasive, severe, and discriminatory hostile work environment [Id. ¶ 180];

f) executing an unannounced, non-consensual closed-door confinement physical restraint of Plaintiff's liberty [Id. ¶¶ 181-190]; and

g) escalating this pattern of unlawful antagonism with a summary, pretextual retaliatory discharge from employment [Id. ¶¶ 181-218].

9. As a direct and proximate result of Defendants' willful and statutory violations of REDA, Plaintiff has suffered and continues to suffer severe economic loss, deprivation of employment benefits, out-of-pocket medical liabilities, and profound emotional distress.

10. Pursuant to N.C. Gen. Stat. § 95-243(c), because Defendants acted willfully, maliciously, and with intentional retaliatory animus, Plaintiff is entitled to an award of reinstatement or front pay, back pay, lost benefits, reasonable attorney's fees, costs, and an order trebling all compensatory damages determined by a jury.

## SUPPLEMENTAL PRAYER FOR RELIEF

WHEREFORE, Plaintiff Stephen Moore respectfully requests that this Court enter judgment against Defendants, jointly and severally, supplementing his prior requests for relief (ECF No. 6, p. 111-113) by granting the following distinct remedies:

1. REDA Statutory Remedies: Award separate compensatory damages for lost wages, back pay, front pay, and the value of all lost employment benefits under N.C. Gen. Stat. § 95-243;

2. Treble Damages: Order the trebling of all economic and compensatory damages found by a jury pursuant to N.C. Gen. Stat. § 95-243(c) based upon Defendants' willful and malicious statutory retaliation; and

3. Costs: Award forensic analysis costs, expert fees, and all general costs of this supplemental action.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Stephen Moore hereby demands a trial by jury on all issues and claims so triable in this supplemental action.

Dated: October 30, 2026

Respectfully submitted,

By: ______________________

Stephen Moore, Plaintiff Pro Se

6136 Pepperidge Way

Climax, NC 27233

Phone: (336) 772-0044

Email: spmoore1@gtcc.edu